**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NetNutri.com LLC,<br><br>　　　　　Defendant. | No. CV-18-04248-PHX-JJT<br><br>**ORDER** |

At issue is Defendant NetNutri.com, LLC's Motion to Dismiss (Doc. 19, Mot.), to which Plaintiff ThermoLife International, LLC filed a Response (Doc. 20, Resp.), and Defendant filed a Reply (Doc. 23, Reply). The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

Plaintiff is an Arizona company that licenses and sells its patented creatine nitrate for use in dietary supplements. (Doc. 1, Compl. ¶¶ 8, 20.) Defendant is a New Jersey based online retailer of dietary supplements that sells over 7,000 different products on its website. (Compl. ¶ 27.) In its Complaint, Plaintiff raises claims of false designation of origin and false statements under the Lanham Act, 15 U.S.C. 1125 § 43(a); common law unfair competition; and civil conspiracy. (Compl. ¶¶ 219-41.) Defendant has now moved to dismiss for lack of personal jurisdiction. (Mot. at 4.)

**I.　LEGAL STANDARD**

For a federal court to adjudicate a matter, it must have jurisdiction over the parties. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party

bringing the action has the burden of establishing that personal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When a defendant moves, prior to trial, to dismiss a complaint for lack of personal jurisdiction, the plaintiff must "'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

Because there is no statutory method for resolving the question of personal jurisdiction, "the mode of determination is left to the trial court." *Data Disc,* 557 F.2d at 1285 (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). Where, as here, a court resolves the question of personal jurisdiction upon motions and supporting documents, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Id.* In determining whether the plaintiff has met that burden, the "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc.*, 284 F.3d at 1019 (citation omitted).

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum state's long-arm statute confers jurisdiction over the defendant and that the exercise of jurisdiction comports with constitutional principles of due process. *Id.*; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute allows the exercise of personal jurisdiction to the same extent as the United States Constitution. *See* Ariz. R. Civ. Proc. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution"). Thus, a court in

Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing so accords with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc,* 557 F.2d at 1287. Courts recognize two bases for personal jurisdiction within the confines of due process: "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in all matters; and (2) 'specific jurisdiction' which arises out of the defendant's contacts with the forum state giving rise to the subject litigation." *Birder v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006).

## II. ANALYSIS

### A. General Jurisdiction

Defendant first argues that it is not subject to general personal jurisdiction in Arizona. (Mot. at 4–6.) Defendant contends that Plaintiff has not alleged "any . . . connections between [Defendant] and Arizona" to meet general jurisdiction standards and that it "has no such connections to the State." (Mot. at 5.) It asserts that the only potential connections are its "interactive website" and sales within the state, which accounted for "less than 2 percent of [its] total revenue" between 2014 and 2018. (Mot. at 5–6.)

Conversely, Plaintiff argues that because Defendant is "one of the most popular online retailers of Dietary Supplements" and has "developed a devoted customer base," general jurisdiction is appropriate. (Resp. at 7–8.) It argues that Defendant has "significant sales in Arizona" and that Defendant's argument regarding Arizona's two percent sales share lacks merit because "if you divide total sales by 50 states, it results in 2%." (Resp. at 8.)

General jurisdiction exists where a defendant's activities within a state are "so substantial" or "continuous and systematic" that they essentially "render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 138, 159 n.19 (2014). However,

the inquiry is not based "solely on the magnitude of the defendant's in-state contacts." *Id.* at 159 n.20. Instead, general jurisdiction "calls for an appraisal of a corporation's activities in their entirety." *Id.* Ultimately, "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

Defendant's activities in Arizona are insufficient to be considered at home in the state. The fact that two percent of Defendant's revenue is from online sales to customers who happen to be in Arizona is not sufficient to demonstrate substantial, continuous, systematic contacts with Arizona. Accordingly, the Court does not have general personal jurisdiction over Defendant. *See In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-02442-PHX-DGC, 2016 WL 6393595 at *3–4 (D. Ariz. Oct. 28, 2016) (finding that the plaintiffs' argument "plainly is insufficient for general jurisdiction" where the plaintiffs claim general jurisdiction over the defendants "because [the defendants] purposefully directed their marketing activities at [the forum state] and derived substantial revenues from the State").

### B. Specific Jurisdiction

Defendant next asserts that it is not subject to specific jurisdiction in Arizona. (Mot. at 6.) It argues that "Plaintiff cannot meet the [express aiming] or [foreseeable harm] elements" of the specific jurisdiction test and that Plaintiff did not "demonstrate that its claims arise out of or relate to [Defendant's] forum-related activities." (Mot. at 8.) In response, Plaintiff contends that "only the 'express aiming' prong is at issue" and that Defendant has "expressly aimed its conduct at Arizona" by "run[ning] its website as a virtual store that sells its . . . products to customers in Arizona." (Resp. at 4–6.) Plaintiff also states that its claims do, in fact, arise from Defendant's forum-related activities because Plaintiff is located in Arizona and has felt the effects of Defendant's conduct in Arizona. (Resp. at 7.)

Whether a court may exercise specific jurisdiction in a given case turns on the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et*

*L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Omeluk*, 52 F.3d at 270.

To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful direction analysis is most commonly applied in cases alleging tortious conduct. *Mavrix Photo, Inc.*, 647 F.3d at 1228. Because a Lanham Act claim is a tort-like cause of action, purposeful direction is the proper analytical framework. *Id.*

To determine whether the defendant's actions constitute purposeful direction, courts apply the "effects" test that was developed in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The effects test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo!*, 433 F.3d at 1206.

The Ninth Circuit has held that "maintenance of a passive website alone cannot satisfy the express aiming prong." *Mavrix Photo*, 647 F.3d at 1229. However, "operating [] a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Id.* In response to Defendant's motion to dismiss, Plaintiff has the burden to demonstrate that personal jurisdiction exists by proffering facts, by affidavit or otherwise, to the Court. *Scott*, 792 F.2d at 927. Plaintiff has not provided any new facts in its Response but instead relies on its allegation in the Complaint that Defendant sells and ships products to Arizona through an interactive website. (Resp. at 4 (citing Compl. ¶ 9).) In its brief, Plaintiff analyzes *Mavrix Photo* but does not identify a single fact or allegation that would constitute "something more" than Defendant's online sales to customers who happen to be in Arizona. Although Defendant has sold some of its products to residents of Arizona, "the 'minimum contacts analysis looks to the entity's contacts with the forum State itself, not with the entity's contacts with persons who reside there." *In re Boon Global Limited*, 923 F.3d 643, 652–53 (9th Cir. 2019).

To the extent Plaintiff argues Defendant has sufficient contacts with Arizona because Plaintiff is located in Arizona and was allegedly injured by Defendant's alleged false statements, that contact is insufficient to confer personal jurisdiction over Defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (stating a plaintiff must show more than a defendant's ties to the plaintiff and injury to the plaintiff to satisfy the *Calder* effects test). Plaintiff has produced no fact and the Complaint contains no factual allegation that Defendant purposefully directed its activities at Arizona.

Thus, Plaintiff has failed to meet its burden to demonstrate that the Court has personal jurisdiction over Defendant, and the Court must dismiss this action. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law").

Because Plaintiff has failed to demonstrate that the Court has personal jurisdiction over Defendant, the Court need not address the other bases for dismissal in Defendant's Motion.

## III. CONCLUSION

Plaintiff ThermoLife International, LLC has not met its burden to show that Defendant NetNutri.com, LLC either has substantial, continuous, systematic activities in Arizona or that it purposefully directed its activities at Arizona under the *Calder* effects test, and the Court must therefore dismiss this action for lack of personal jurisdiction.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 19).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 17th day of July, 2019.

Honorable John J. Tuchi
United States District Judge